# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KATHLEEN R. WILKUM,**

      **Plaintiff,**

v.                                       **Case No. 04-C-805**

**JOHN E. POTTER,
Postmaster General,
SHAWN TAYLOR, and
RICK MONTGOMERY,**

      **Defendants.**

## ORDER GRANTING THE DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION

On August 25, 2004, Kathleen R. Wilkum ("Wilkum") filed a complaint against the defendants and a petition to proceed in forma pauperis. In her complaint, Wilkum alleged (1) that her employment was improperly terminated based on her attendance record; (2) that her supervisor invaded her privacy by discussing matters related to her employment with another employee; (3) that she was entitled to, and not paid, certain wages; and (3) that other employees were given preferential treatment in regard to attendance and discipline. From the complaint, this court was unable to determine whether Wilkum stated a federal cause of action, had properly exhausted available administrative remedies, and had filed suit within all applicable deadlines. However, because Wilkum is proceeding pro se and is not an experienced litigator, the court gave Wilkum the opportunity to

amend her complaint before determining whether Wilkum should be permitted to proceed in forma pauperis.

In accordance with this court's order, Wilkum filed an amended complaint which clarifies that she intended a race discrimination claim, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq, against the defendants and has exhausted all administrative remedies. In addition, a motion that Wilkum filed with her amended complaint, acknowledges that she did not meet the filing deadline but asks that the court apply the doctrine of equitable tolling and excuse her delay. As grounds for her motion, Wilkum states that she is not an experienced litigator and believed that her former attorney had filed the complaint. In light of those considerations, Wilkum asks the court to excuse her failure to file her complaint on time.

Based on her amended complaint and other submissions, this court permitted Wilkum to proceed in forma pauperis and deferred the issue of equitable tolling until such time, if any, that the statute of limitations defense was raised. That is now the case. The defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), based on Wilkum's failure to adhere to the ninety-day filing deadline. Wilkum did not respond to the defendants' motion, and it is now ready for resolution.

## ANALYSIS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Dismissal of an action under a Rule 12(b)(6) motion is warranted if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir.1999); see Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff

2

has pleaded insufficient facts, it is that even assuming all of the facts are accurate, he has no legal claim.  Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir.1999).

Because Title VII requires that Wilkum file her suit within ninety days of the final agency decision, this claim must be dismissed under Rule 12(b)(6) absent equitable tolling of the filing deadline.  However, equitable tolling is reserved for situations in which the plaintiff "has made a good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time."  Threadgill v. Moore U.S.A., Inc., 269 F.3d 848, 850 (7th Cir. 2001)(quoting Jones v. Madison Serv. Corp., 744 F.2d 1309, 1314 (7th Cir. 1984)).

The grounds for delay set forth in Wilkum's motion for equitable tolling—that she erroneously believed that her attorney filed the complaint and that she has no legal experience—do not satisfy this standard.  As an initial matter, Wilkum does not specify any of the following:  (1) what representations her former attorney made that lead her to believe the complaint was filed, (2) when she thought her attorney filed the complaint, (3) when she first suspected that the complaint was not filed, (4) what subsequent efforts she made to find out whether the complaint had been filed, and (5) when she first learned that the complaint was not filed.

Wilkum's representation that she thought her "former attorney Tom Simon filed my papers in civil court before he withdrew from my case September 7, 2004," is, in this court's opinion, suspect.  This is because the statement is contrary to Simon's letter to Wilkum on that date in which he indicates that, in his opinion, it is not in her best interests to pursue this case and then he states, "but I understand that you have chosen to do so by filing in civil court."  Simon then says "this will conclude our handling of the file."  In other words, if a lawsuit was to be commenced, Wilkum would be acting on her own and not relying on Attorney Simon.

3

Therefore, Wilkum's delay should not be excused because she did not reasonably believe that her attorney filed a federal complaint on her behalf. As the foregoing illustrates, Wilkum's former lawyer did not file her case and he so advised her. The bottom line is that Wilkum has failed to provide satisfactory reasons which would permit the court to find that her delay was the result of a "good faith error." In addition, there is no indication that Wilkum was "prevented in some extraordinary way from filing her complaint on time." Furthermore, efforts were made to alert Wilkum as to the filing deadline—both the final agency decision issued in March of 2004, and the Equal Employment Opportunity Commission decision issued in January of 2004, inform Wilkum that she may appeal the final agency decision to federal court within ninety days from the date it is received.

Moreover, the Seventh Circuit has emphasized that adherence to the filing deadline is particularly important in regard to employment discrimination cases, such as this. In Sanders v. Venture Stores, Inc., the court explained that:

> memories may fail in the workplace in recalling the minutia of what was said and what was done. It is the collective experience of the judiciary that often the line of demarcation between permissible or prohibited speech or exculpatory or incriminating conduct is evanescent. It therefore becomes necessary to hear testimony while precise recollections are keen and not dulled by undue passage of time.

56 F.3d 771, 775 (7th Cir. 1995). The risk that critical testimony will be lost if delay is permitted applies with force in the instant case because Wilkum's complaint does not contain detailed allegations of statements or actions which led her to believe that the defendants' actions were racially motivated. Wilkum simply alleges that she is caucasian, that her previous supervisor is black, that she was treated unfairly, and that black co-workers were treated more favorably than she was. Evaluating the truth of those allegations depends heavily on a vivid recollection the defendants' statements and

4

actions, as well as the context in which all relevant events occurred. The same is true with respect to an evaluation of any nondiscriminatory justification for firing Wilkum that the defendants might present.

Ultimately, while Wilkum is proceeding pro se and may not have legal experience, many litigants are in the same position and that single consideration does not outweigh the numerous considerations discussed herein which favor adherence to the filing deadline. Accordingly, the court declines to apply the doctrine of equitable tolling under these facts, and Wilkum's suit is time barred. For these reasons, the defendants' motion will be granted and this case **dismissed**.

Dated at Milwaukee, Wisconsin this 15th day of February, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge